**WO** JDN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joseph Lee McDonald,
Plaintiff,
vs.
Sean Wead, et al.,
Defendants.

No. CV-24-01609-PHX-MTL (ESW)

**ORDER**

Plaintiff Joseph Lee McDonald, who is confined in the Saguaro Correctional Center (SCC) in Eloy, Arizona, brought this pro se civil rights action under 42 U.S.C. § 1983 against SCC Warden Sean Wead, Associate Warden Jody Bradley, and Lieutenant Christopher Lewis. (Doc. 1.) Before the Court is Plaintiff's "Motion for Facility Property Officer to Cease From Hindering Plaintiff's Access to the Courts." (Doc. 24.) The Court will deny Plaintiff's Motion.

**I. Background**

In his Complaint, Plaintiff asserted two counts for relief. (Doc. 1.) In Count One, Plaintiff alleged that Defendants infringed on his right to familial association and communication in violation of the First Amendment. (*Id.* at 3.) Plaintiff alleged that Defendants are denying him contact and communication with his spouse, who is a former SCC employee, and their three children. (*See id.* at 4–8.) In Count Two, Plaintiff alleged that Defendants are retaliating against him in violation of the First Amendment. (*Id.* at 10.)

Plaintiff claimed that Defendants have retaliated against him for communicating with his wife by issuing disciplinary reports, which has resulted in segregation, loss of good time credit, and interference with his participation in the "ship program." (*See id.* at 11–15.)

Upon screening, the Court determined that Plaintiff sufficiently stated First Amendment familial association and retaliation claims against Defendants and directed them to respond to Plaintiff's Complaint. (Doc. 8.)

In November 2024, the Court issued a Scheduling Order that set deadlines, including a January 14, 2025 deadline for amending pleadings and an April 14, 2025 discovery deadline. (Doc. 16.)

On January 20, 2025, Plaintiff filed his pending Motion. (Doc. 24.) Plaintiff states that, on January 5, 2025, he was sent to segregation. (*Id.* at 1–2.) Plaintiff states that he submitted several requests for his legal work and allowable property; however, Property Officer Ms. Fernino only brought him some of his legal materials and refused to give him the rest, including materials from defense counsel in this case. (*Id.*) According to Plaintiff, he has already missed one deadline. (*Id.*) Plaintiff requests an order from the Court directing the Property Officer to stop her acts of retaliation, stop hindering him from proceeding in this case, and provide him all his legal materials, including writing materials such as paper and envelopes. (*Id.* at 1–2.)

On February 13, 2025, Defendants filed their first Response in opposition to Plaintiff's Motion on the grounds that Plaintiff cannot prove any retaliation or denial of access to the courts that resulted in actual injury, and Plaintiff cannot establish that Property Officer Fernino deliberately denied Plaintiff access to the courts. (Doc. 30.)[1]

The same day Defendants filed their Response, the Court issued an Order directing Defendants to file a response to Plaintiff's Motion and to inform the Court of the status of Plaintiff's access to his legal materials. (Doc. 31.)

---

[1] In support of their first Response, Defendants referred to the attached declaration of Officer Fernino; however, no declaration was attached. (Doc. 30 at 4.)

Defendants filed a second Response arguing that Plaintiff did not suffer any actual injury because, even though he missed a January 14, 2025 deadline, he did not suffer any dismissal of claims, and he cannot show that Officer Fernino deliberately denied him access to the courts. (Doc. 34 at 2–3.) Defendants submitted a declaration from Officer Fernino in which she explains that prisoners in the Restricted Housing Unit—where Plaintiff is housed—are permitted to keep legal materials for current cases in their cells; however, if the volume of materials is such that it creates a fire hazard, the excess materials are kept in the unit's property room. (Doc. 35-1 at 3, Fernino Decl. ¶¶ 9–10.) Officer Fernino states that a prisoner may submit an Inmate Request Form to access legal materials in the property room. (*Id.* ¶ 11.) Officer Fernino avers that Plaintiff has not submitted an Inmate Request Form for legal materials or property since January 15, 2025, and that, currently, Plaintiff has all his legal materials. (*Id.* ¶¶ 12–13.) Defendants also submitted a copy of Plaintiff's mail log history, which shows that he has sent outgoing legal mail correspondence, including to the Court and to defense counsel, at least fourteen times since January 21, 2025. (Doc. 35-2 at 2.)

Plaintiff did not file a reply in support of his Motion.

## II. Governing Standards

### A. Preliminary Injunction

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016,

1027 (E.D. Cal. 2000).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal*., 220 F.3d 987, 999 (9th Cir. 2000).

**B. Access to the Courts**

A court generally does not have authority to issue an injunction for relief on claims not pled in the underlying complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). But an exception to this rule arises where the injunctive relief sought is related to a prisoner's access to the courts. *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (where the relief sought relates to a prisoner's access to the court, "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The constitutional right of access to the courts encompasses a right to litigate without active interference. *See Silva*, 658 F.3d at 1102. To support an active interference claim, a prisoner must allege facts showing that officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury. *Id.*; *see Lewis*, 518 U.S. at 349 (to maintain an access-to-the-courts claim, a prisoner must show an "actual injury" resulting from the defendant's actions). Actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim."

*Lewis*, 518 at 348–49; *see Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal") (quoting *Lewis*, 518 U.S. at 353 & n.4). Further, in alleging denial of the right of access to the courts, specificity is required. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

**III. Discussion**

Plaintiff's claims regarding lack of access to his legal materials, writing paper, and envelopes implicate his right of access to the courts. Plaintiff's claims are concerning, and there are serious questions whether lack of access to legal documents in an ongoing case and writing materials would impede prisoners' ability to litigate their claims. *See Bounds v. Smith*, 430 U.S. 817, 824–25 (1977) (to ensure meaningful access to the court, states must provide indigent prisoners with paper and pen to draft legal documents); *id.* at 828 (imposing duty on prison officials to provide access to adequate law libraries or other legal assistance). Even so, Plaintiff's Motion fails to sufficiently allege actual injury. Plaintiff refers to the missed deadline for amending the pleadings; however, he does not state that he had intended to move to amend his Complaint or add defendants. (Doc. 24.) Nor does Plaintiff otherwise allege that he was unable to submit a document for filing. (*See id.*)

By not filing a reply, Plaintiff does not refute Defendants' evidence showing that he now has all his legal materials and that, for the last month, he has been able to mail out numerous legal mail correspondence. Plaintiff fails to show with enough specificity that he has suffered an actual injury or that Defendants or their agents are currently impeding his right of access to the courts. *See Lewis*, 518 U.S. at 349; *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (whether a plaintiff is entitled to injunctive relief should be determined by the prison authorities' current attitudes and conduct). Therefore, Plaintiff's Motion for injunctive relief related to his access to the courts will be denied without prejudice.

. . . .

. . . .

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Facility Property Officer to Cease From Hindering Plaintiff's Access to the Courts" (Doc. 24), and the Motion is **denied**.

Dated this 14th day of April, 2025.

Michael T. Liburdi
United States District Judge